TOWN OF LEXINGTON *vs.* MENOTOMY TRUST COMPANY & others.

Middlesex.    November 8, 1939. — November 17, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, DOLAN, & RONAN, JJ.

*Zoning. Lexington.*

The stripping of loam from a large tract of land for use or sale elsewhere, although not amounting to a business, was not within a use, designated as "Farms and customary uses accessory thereto only, and truck gardens," permitted in a residential district by the zoning by-law of Lexington.

A use of premises not within any of the permitted uses specified in the zoning by-law of Lexington, which provided that any use not expressly permitted was forbidden, should be enjoined in a suit in equity by the town.

BILL IN EQUITY, filed in the Superior Court on June 14, 1939.

The plaintiff appealed from a final decree dismissing the bill, entered by order of *Williams*, J.

*S. R. Wrightington*, Town Counsel, for the plaintiff.

*J. W. Killam, Jr.*, for the defendant Cadario.

LUMMUS, J.    The defendant Menotomy Trust Company foreclosed its mortgage upon a tract of land containing fifty-two acres on Lincoln Street in Lexington. It gave the defendant Cadario permission at "a fixed price per acre" to strip the loam from the land and to use or sell the loam, provided it should not be sold on the premises. Not more than half the tract "is now suitable and available for the removal of loam." Cadario has put a steam shovel to work,

stripping the loam and piling it on the land, preparatory to removal.

The plaintiff seeks to restrain the work as a violation of its zoning by-law. The statute permits a town to regulate and restrict by zoning by-law the "use of buildings, structures and land for trade, industry, residence or other purposes," and within districts established by by-law to regulate and restrict the "use of land." G. L. (Ter. Ed.) c. 40, § 25, in the form appearing in St. 1933, c. 269, § 1. The case is not one in which the by-law extends only to the use of buildings as distinguished from land. *Wilbur* v. *Newton*, 301 Mass. 97, 100–101. The tract is situated in a highly restricted R. 1 district established by the by-law, in which few besides residential uses are permitted. Section 20 of the by-laws provides: "Any building, structure or use of premises not herein expressly permitted, is hereby forbidden." In each district the "designated uses of lands, buildings, structures, or parts thereof, and no others," are permitted. By-law, § 4. Among the "designated uses" permitted in a R. 1 district, the only one suggested as material is, "4. Farms and customary uses accessory thereto only, and truck gardens." Obviously the stripping of loam from about twenty-six acres of land is inconsistent with such a use and cannot fall within it. Neither is such stripping incidental to any other permitted use.

Since the use of the land for the purpose of obtaining a supply of loam is an unpermitted use, the plaintiff is entitled to relief. It is of no importance that that unpermitted use may not have amounted to a business. The final decree dismissing the bill is reversed. A final decree is to be entered in favor of the plaintiff against the defendants Menotomy Trust Company and Cadario, with costs.

*Ordered accordingly.*