TOWN OF NORTH READING *vs.* LAURA DRINKWATER & another.

Middlesex.    April 9, 1941. — May 28, 1941.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & COX, JJ.

*Municipal Corporations,* By-laws and ordinances. *North Reading.*

A by-law of a town, in substance forbidding the removal for sale of loam, sand, gravel or quarried stone bordering on or within two hundred fifty feet of a street line except by permit of a board of appeals, and forbidding the removal of loam for sale for more than one half its depth in any part of the town except when incidental to and in connection with the construction of a building for which a permit had been issued, was not authorized by § 21 (1) of G. L. (Ter. Ed.) c. 40.

BILL IN EQUITY, filed in the Superior Court on January 20, 1941, and afterwards amended.

The suit was reserved and reported by *Hurley,* J.

*C. V. Statuti,* for the plaintiff.

*J. W. Killam, Jr.,* for the defendants.

Cox, J. The suit comes before this court on reservation and report by a judge of the Superior Court upon a case

stated. G. L. (Ter. Ed.) c. 214, § 31. There was no final decree, no ruling as to the form the decree should take, and no statement of any terms of reservation. See *Thompson* v. *Barry*, 184 Mass. 429, 431; *Hildreth* v. *Thibodeau*, 186 Mass. 83, 85; *Daly* v. *Foss*, 209 Mass. 470, 473–474.

The question is presented whether a by-law of the plaintiff town is valid. All formalities required for its adoption were complied with. Both parties concede that it was adopted under the provisions of G. L. (Ter. Ed.) c. 40, § 21, which, so far as material, reads as follows: "Towns may, for the purposes hereinafter named, make such orders and by-laws, not repugnant to law, as they may judge most conducive to their welfare, which shall be binding upon all inhabitants thereof and all persons within their limits . . . (1) For directing and managing their prudential affairs, preserving peace and good order, and maintaining their internal police." The by-law is as follows: "The removal for sale of loam, sand, gravel or quarried stone, bordering on or within 250 feet of a street line shall not be permitted except by permit from the Board of Appeals. No loam to be removed for sale for more than one-half of its depth in any part of the Town, except when incidental to, and in connection with the construction of a building, for which a permit has been issued." The defendant Laura Drinkwater has title to and control of the premises in question, to which the plaintiff seeks to apply said by-law, and the other defendant, her husband, is engaged in the contracting business. The defendants have been removing loam and sand from the premises since November, 1935, and intend to continue this removal for purposes of sale. A portion of the premises is within two hundred fifty feet of street lines. They also intend to remove for sale loam, to an extent of more than one half its depth, from a portion of the premises and in the rear of a point two hundred fifty feet from street lines. The prayers of the bill are, in substance, that the defendants and their agents be enjoined from making any further use of the premises in question "for the unlawful purposes" described in the bill.

It is true that under appropriate circumstances a variety of by-laws may be adopted in the interests of public health, safety and morals, *Opinion of the Justices,* 234 Mass. 597, 602, 608–610, but when they go beyond the authority conferred by the enabling statute, they are invalid. *Cawley* v. *Northern Waste Co.* 239 Mass. 540, 544, and cases cited. See *Commonwealth* v. *Stodder,* 2 Cush. 562, 569. In *Willard* v. *Newburyport,* 12 Pick. 227, one question was what were the "prudential concerns" of a town, and Chief Justice Shaw said, at page 231, that "perhaps no better approximation to an exact description can be made, than to say that it embraces that large class of miscellaneous subjects affecting the accommodation and convenience of the inhabitants, which have been placed under the municipal jurisdiction of towns, by statute or by usage." In *Commonwealth* v. *Turner,* 1 Cush. 493, the defendant was complained of for selling strong beer contrary to a town by-law that imposed a penalty upon anyone who should make a sale in the manner alleged. The by-law in question purportedly was made under the authority of the statute that was held to be substantially the same as that part of the statute here involved. It was contended that it was the intention of the Legislature to confer on towns a power of legislation, limited only by their judgment of what the peace, good order and internal police might render expedient. But it was said that this power would extend, under such a construction, to every department of criminal law affecting the public peace, and that, if it were clear from the language used that the Legislature intended thus to delegate their whole power of legislation on the subject of criminal law to towns, it would be a grave question whether such an act would be within their constitutional authority. It was held that such was not the intent of the Legislature, and it was pointed out that another consideration, quite decisive to show that the Legislature did not intend to give the unlimited power contended for, was that they used the term "by-law" and gave the power to make "by-laws"; that this term has a peculiar and limited signification, being used to designate the orders and regu-

lations, which a corporation, as one of its legal incidents, has power to make, and which is usually exercised to regulate its own actions and concerns, and the rights and duties of its own members among themselves; and that there was a broad distinction between the authority of a corporation to make by-laws and the general power of making laws. See *Clarke* v. *Fall River,* 219 Mass. 580. In *Commonwealth* v. *Kimball,* 299 Mass. 353, at pages 356 and 357, it was held that, although the Legislature may delegate to local authorities the power to make police regulations, the words of the statute "and maintaining their internal police" do not transfer to municipalities the entire police power of the Commonwealth. (See pages 357 and 358 for a collection of cases.)

From time to time the Legislature has seen fit specifically to add to the purposes for which ordinances and by-laws may be adopted. See G. L. (Ter. Ed.) c. 40, §§ 21–24, inclusive. The plaintiff concedes that the by-law in question is not a zoning by-law adopted under the provisions of said c. 40, §§ 25–30A, inclusive, as amended. It may be observed that the statutes relating to zoning and the delegation of the power therein contained to municipalities are based upon art. 60 of the Amendments to the Constitution of the Commonwealth. *Opinion of the Justices,* 234 Mass. 597, 601–603. *Inspector of Buildings of Lowell* v. *Stoklosa,* 250 Mass. 52, 58, 59. *Bennett* v. *Board of Appeal of Cambridge,* 268 Mass. 419, 422. The case of *Lexington* v. *Menotomy Trust Co.* 304 Mass. 283, therefore, has no application. See *Wilbur* v. *Newton,* 302 Mass. 38, 44. We think it follows from what has been said that, by said § 21, the Legislature did not transfer to municipalities the entire police power of the Commonwealth.

An attempt to regulate the affairs of property owners is subject to investigation in the courts with a view to determining whether there has been a lawful exercise by the town of the power conferred. *Inspector of Buildings of Lowell* v. *Stoklosa,* 250 Mass. 52, 62. The question here is not whether some restriction on the use of land has been imposed directly by an act of the Legislature. See *Common-*

*wealth* v. *Tewksbury*, 11 Met. 55; *Commonwealth* v. *Alger*, 7 Cush. 53; *Brett* v. *Building Commissioner of Brookline*, 250 Mass. 73, 77, 78. On the contrary, the question is whether the by-law is valid, and we are of opinion that it is not, in that said § 21 (1) does not authorize its adoption.

In terms, the by-law deals directly with the right of an individual to make an otherwise lawful use of his land. It seeks to prevent the removal and sale of the component parts of the land. In our opinion it attempts to cover a broader field than that permitted. *Commonwealth* v. *Drew*, 208 Mass. 493. *Goldstein* v. *Conner*, 212 Mass. 57, 58, 59. Furthermore, as was pointed out in the case last cited, the by-law purports to leave to the board of appeals the unrestrained and undefined authority to grant or refuse permits for which the by-law purports to make provisions. It was there said, at page 59: "A use of property lawful in itself and having no essential tendency toward harm to the public, while it may be subject to reasonable regulation, cannot be made utterly dependent upon the unrestrained arbitrament of the board of aldermen."

We do not go beyond the point of deciding that the adoption of the by-law in question was not authorized by the provisions of said § 21 (1). It is unnecessary to consider other possible questions. A decree is to be entered dismissing the bill with costs.

*Ordered accordingly.*