TOWN OF BILLERICA *vs.* JAMES W. QUINN.

Middlesex.   November 7, 1946.— January 30, 1947.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & SPALDING, JJ.

*Zoning.   Constitutional Law*, Zoning.   *Billerica.*

The mere stripping for the purpose of sale of loam from a comparatively small area of a nineteen acre tract of land before the tract was made subject to a zoning by-law of a town forbidding use of land for that purpose did not establish stripping as an existing use of the entire tract which, under G. L. (Ter. Ed.) c. 40, § 26, as appearing in St. 1933, c. 269, § 1, would prevent the by-law from being effective as to the rest of the tract.

Provisions of the zoning by-law of Billerica in effect forbidding in a residence district the stripping of loam for the purpose of removal from the premises were not unconstitutional as applied to a certain tract of land.   Following *Burlington* v. *Dunn*, 318 Mass. 216.

BILL IN EQUITY, filed in the Superior Court on August 6, 1945.

The suit was heard by *Cabot,* J.

The pertinent provisions of the zoning by-law of the plaintiff were as follows: "Section 5.   Residence District — Use Regulation.   In a residence district, no building or structure shall be erected, altered or used and no premises or land shall be used, except for one or more of the following uses: . . . 8. Accessory Use. . . . provided however that the term 'accessory use' shall not include . . . (e) The removal of loam, top soil, sod, gravel or quarried stone, except for use on the premises and except when incidental to and in connection with the construction or extension of a building on the premises for which a permit has been granted by the inspector of buildings." "Section 12.   Nonconforming Uses.   Any lawful use of a building, structure, premises or land or part thereof existing at the time of the adoption of this by-law, may be continued although such use does not conform with the provisions hereof," subject to provisions not material to this case.

In this court the case was submitted on briefs.

*P. H. Ready*, for the plaintiff.

*H. Carp*, for the defendant.

QUA, J.  The town seeks to enjoin the defendant from stripping the loam from a tract of about nineteen acres of land in violation of the town's zoning by-law.

The facts appear from findings of the judge and from the evidence, which is reported.  The by-law took effect on August 1, 1945.  On July 29 the defendant placed a steam shovel on the premises and stripped the top soil from an area thirty to thirty-five feet wide and extending from one of the roads bounding the property back to a railroad that bisects it.  He piled the soil upon the lot.  His purpose was and is to sell the loam.  He asserts that by reason of what he did before the by-law became effective he acquired an "existing use" under which he can strip the entire acreage.  The town, on the other hand, contends that any further stripping would be an extension of the use and therefore a violation of the by-law.  The judge recognized the defendant's right to remove the loam that was stripped and piled before the by-law took effect, but enjoined any further stripping, except for certain limited purposes permitted by the by-law.  The defendant appeals.

The statute that confers upon cities and towns power to pass zoning ordinances or by-laws provides that "Such an ordinance or by-law or any amendment thereof shall not apply to existing buildings or structures, nor to the existing use of any building or structure, or of land to the extent to which it is used at the time of adoption of the ordinance or by-law . . . . "  It further provides that such an ordinance or by-law shall apply to any alteration of a building or structure to provide for its use for the same purpose "to a substantially greater extent."  G. L. (Ter. Ed.) c. 40, § 26, as appearing in St. 1933, c. 269, § 1.  There is nothing in the by-law itself that saves existing nonconforming uses of land to any greater degree than required by the statute. See § 12 of the by-law; *LaMontagne* v. *Kenney*, 288 Mass. 363.

It is plain that the Legislature intended that existing uses

should be preserved. It is equally plain that under the statute and the by-law they are not to be extended. The difficulty comes in reconciling these propositions where the use consists in stripping loam for sale, and where no more loam can be stripped without extending the denuded area beyond its existing boundaries. Nothing in the statute or by-law indicates a legislative intent to subordinate the zoning principle in favor of existing uses of such a character that they cannot be continued without extending them. The exception in favor of an existing use is expressly limited by the statutory words "to the extent to which it is used at the time of adoption of the ordinance or by-law." A use which cannot be so limited is not within the exception and is not preserved at all. This is, in effect, what the statute says. See *LaMontagne* v. *Kenney*, 288 Mass. 363, 366–367.

This construction is consistent with the provision of the statute which prevents the alteration of a building in such manner as to extend the area of an existing use — a provision which it seems clear would apply even if changed circumstances should render it impracticable or impossible to continue the existing use without such extension. The extension of a use to which the statute refers is extension of the area devoted to the use and not increase in amount of use within the same area. *Building Commissioner of Medford* v. *McGrath*, 312 Mass. 461. *Inspector of Buildings of Burlington* v. *Murphy*, ante, 207, 210.

It does not necessarily follow from what has been said that an existing use for the operation of a stone quarry, for example, or a sand or gravel business, or even for the removal of loam can never be continued by increasing the area of excavation after the passage of a zoning ordinance or by-law excluding such use from the neighborhood. It is conceivable that a larger area than that previously excavated may have been devoted to the use by actual occupation of the land in a manner physically appropriating it to the use, as for example by means of structures, use for storage or ways, preparation of the ground, or even perhaps by fencing off the portion to be used, if the fencing had particular relation to the use. See *Burlington* v. *Dunn*, 318

Mass. 216, 223–224; *Wilbur* v. *Newton,* 302 Mass. 38, 41–42. We cannot attempt now to lay down a rule applicable to all cases. In the case before us nothing had been done amounting to an actual appropriation to the use of any of the land except the particular area stripped. The mere intention to strip the remainder of the land did not amount to an existing use of it.

The defendant further contends that the by-law as applied to him is unconstitutional. This subject has been so recently discussed with reference to a similar by-law in *Burlington* v. *Dunn,* 318 Mass. 216, 220–223, where also the removal of loam was involved, that a discussion here would amount only to repetition of what was there said. Billerica adjoins Burlington on the northwest, and conditions in the two locations are practically the same. In our opinion the by-law is not unconstitutional in its application to the defendant. The decree itself is to be construed reasonably with reference to the pleadings, the facts proved and the grievance to be remedied. *Attorney General* v. *New York, New Haven & Hartford Railroad,* 201 Mass. 370.

*Decree affirmed with costs of appeal.*