City of Lynn *vs.* Lucas Deam & another.

Essex. April 6, 1949. — September 21, 1949.

Present: Qua, C.J., Lummus, Ronan, Spalding, & Williams, JJ.

*Zoning.*

Operation of a restaurant was a violation of provisions of a zoning ordinance of a city forbidding use of premises for business purposes in a district zoned as "Apartment House," and such operation was ordered enjoined.

Bill in equity, filed in the Superior Court on April 1, 1948.

The case was heard by *Baker*, J.

In this court, the case was submitted on briefs.

*P. F. Shanahan*, City Solicitor, for the plaintiff.

*J. J. Foley & W. E. Carey*, for the defendants.

WILLIAMS, J. The city of Lynn by its superintendent and inspector of buildings brought this bill in equity to restrain the defendants from using their land and building at 1126 Washington Street in Lynn for business purposes. At the request of the parties the trial judge made findings of fact and reported the case to this court without decision. See G. L. (Ter. Ed.) c. 214, § 31.

The premises in question are located in a district zoned as "Apartment House" under the provisions of the "zone ordinance" of the city of Lynn adopted June 10, 1926. In this district, with certain exceptions not here material, the use of land and buildings for business purposes is prohibited.

According to the report of the judge, "In 1924, prior to adoption of the instant zone ordinance, the building in question was built by the father of these respondents, and used as a dance hall, and after the adoption of the zone ordinance was used by him for many years, up to about 1937, for sale of beach resort food, such as frankfurters, tonics, popcorn, and other commodities and/or food. From 1937 to 1940, inclusive, it was used for the sale of food and all alcoholic beverages, and, thereafter, said building was vacant and no further use of any kind was made of said premises from January 1, 1941, to May, 1946, inclusive. The father of the respondents had parted with title to premises in question on or before October 17, 1940. In the early part of 1946, one of the respondents [Lucas Deam] purchased the land and building in question and . . . [with his brother, the respondent George Deam] applied to the superintendent of buildings for an occupancy permit for restaurant purposes." The superintendent and inspector of buildings refused to issue such occupancy permit and thereafter in May or June, 1946, the city council of Lynn rezoned that part of Washington Street in which the defendants' premises are located from "Apartment House" to "Busi-

ness" district in which are permitted restaurants and other places for serving food, dance halls and similar commercial amusement places. The amendment to the ordinance by which the locality was rezoned was decreed by the Superior Court to be invalid on February 17, 1948, and it is agreed that by reason of this decree the premises are now and have been since the adoption of the Lynn zone ordinance on June 10, 1926, located in a district zoned as "Apartment House." At the time of the filing of the present bill on April 1, 1948, the defendants were conducting a restaurant business on the premises.

From the record as above quoted it appears that the only use made of the premises previous to the adoption of the zone ordinance was for a dance hall. There is no statement in the record and no suggestion in the briefs of the parties that after June 10, 1926, the premises continued to be used for such purpose. Whether the use for a dance hall has been abandoned need not be decided as the issue before us concerns the right of the defendants to use the premises for a restaurant or store in which food is served or sold. The findings of fact by the judge disclose that such use began after the adoption of the zone ordinance. Therefore it was not a prior nonconforming use (see G. L. [Ter. Ed.] c. 40, § 26, as appearing in St. 1933, c. 269, § 1; *Billerica* v. *Quinn*, 320 Mass. 687, 688–689) and clearly constitutes a violation of the restrictions imposed on the use of premises for business purposes in an "Apartment House" district. A final decree is to be entered restraining the defendants from using the described premises for a restaurant or store, with costs to the plaintiff.

*So ordered.*