DOMENIC B. RAIMONDO *vs.* BOARD OF APPEALS OF BEDFORD.

Middlesex.    February 1, 1954. — March 10, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS. & WILLIAMS, JJ.

*Zoning. Permit. Real Property*, Removal of soil. *Equity Pleading and Practice*, Findings by judge.

Upon an appeal, with some voluntary findings by the trial judge not the equivalent of a report of all the material facts and no report of the evidence, from a final decree in a suit in equity providing that no modification was required of a decision of the zoning board of appeals of a town denying an application for a permit to remove a large quantity of sand and gravel from a hill on land in a residential zoning district for the alleged purpose of making the land suitable for residential development, it could not be said that the findings in support of the decree to be imported from its entry were inconsistent with the findings specifically made or that there was error in the decree.

BILL IN EQUITY, filed in the Superior Court on November 3, 1952.

The suit was heard by *Smith*, J.

*Jack J. Moss*, for the plaintiff.

*G. d'Andelot Belin, Jr.*, (*Francis J. Kelley*, Town Counsel, with him,) for the defendant.

WILLIAMS, J. This is a suit in equity in the nature of an

appeal from a decision of the board of appeals of the town of Bedford wherein the plaintiff's application for a permit to remove sand and gravel from his land was denied. G. L. (Ter. Ed.) c. 40, § 30, as appearing in St. 1933, c. 269, § 1, as amended. A final decree was entered in the Superior Court that the decision of the board was within its jurisdiction and that no modification of it was required. From that decree the plaintiff appealed to this court.

There is no report of the evidence. The facts appear from the voluntary findings of the trial judge, which do not seem to have been intended as the equivalent of a statutory report of all the material facts. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561.

The plaintiff owns a tract of 127 acres of land in the northeasterly section of Bedford. The land is located in a so called Residence A district from which, according to a zoning by-law of the town adopted in 1945, no soil, loam, sod, sand, or gravel could be removed without the authorization of the board of appeals. On a portion of the land there is a hill called Crosby Hill. The plaintiff requested of the board permission to remove sand and gravel from the hill to the level of the adjoining highways in order to make the land suitable for residential development. Much of the locus is covered with dense woods. To the north and east is more wooded land, and to the south, farm land on which a piggery is located. The board of appeals had previously granted to the owner of land to the east a permit to remove gravel from about 6½ acres on condition that a bond be filed. To the west of the locus are a "number of residences, of substantial construction, with well kept appurtenant grounds and shrubbery." "There was considerable testimony to the effect that the real estate values in the vicinity would be greatly depreciated by the removal of Crosby Hill, and expert witnesses testifying about town planning expressed the opinions that the proposed operation would be detrimental to the residential progress of the town." The plaintiff declined to file a bond or to fix a time within which the gravel was to be removed.

Clearly, the board of appeals had jurisdiction to deal with the plaintiff's application for a permit (see *Lambert* v. *Board of Appeals of Lowell*, 295 Mass. 224, 227; *Everpure Ice Manuf. Co. Inc.* v. *Board of Appeals of Lawrence*, 324 Mass. 433), and the only question remaining for decision is whether the Superior Court erred in decreeing that "no modification [of the board's decision] is required." See *Olson* v. *Zoning Board of Appeal of Attleboro*, 324 Mass. 57, 60. It is the contention of the plaintiff that the decision of the board was arbitrary and unreasonable and that it was the duty of the Superior Court to annul or at least to modify the decision. This decision is not set forth in the record. We see nothing in the judge's findings from which it can be said that there was no rational basis for the denial of the permit. The removal of a large quantity of sand and gravel in a district zoned for residential purposes could be found, in the circumstances disclosed, detrimental and injurious to the neighborhood and at variance with the public interest. See *Wilbur* v. *Newton*, 302 Mass. 38, 42; *Simon* v. *Needham*, 311 Mass. 560, 565; *Burlington* v. *Dunn*, 318 Mass. 216, 222. The subsidiary facts which the judge found are not inconsistent with each other or with the ultimate finding implicit in the final decree. See *National Radiator Corp.* v. *Parad*, 297 Mass. 314, 319. The decree itself imported a finding of all facts necessary to support it. *Birnbaum* v. *Pamoukis*, 301 Mass. 559, 561.

*Decree affirmed.*