FRANK P. GOODWIN, JR. & others vs. BOARD OF
SELECTMEN OF HOPKINTON & another.

Middlesex.   May 5, 1970. — July 13, 1970.

Present: WILKINS, C.J., CUTTER, KIRK, SPIEGEL, & QUIRICO, JJ.

*Municipal Corporations*, By-laws and ordinances. *Zoning*, Material re-
moval. *Real Property*, Removal of material.

An earth removal permit issued pursuant to a town by-law cannot be re-
voked simply because the permittee's use of public ways increased the
traffic thereon.   [167–168]
Where the zoning by-law of a town adopted pursuant to G. L. c. 40A did
not include earth removal as a use permitted in any zoning district and
provided that "earth removal shall be permitted only in accordance
with the Earth-Removal By-law . . . regardless of zoning district,"
and the earth removal by-law simultaneously adopted pursuant to c. 40,
§ 21 (17), provided that it applied "to all earth removal activities in
the Town   .   .   .   [and] to all areas regardless of zoning district,"
that nothing therein "shall be deemed to amend, repeal, or supersede
the Zoning By-law" or to "derogate from the intent and purpose"
thereof and that in cases of "dual application" the provisions of both
by-laws must be "met and satisfied," it was held that the earth re-
moval by-law occupied the entire field of earth removal regulation and
that a permit issued thereunder did not violate the zoning by-law.
[168–169]

PETITION filed in the Superior Court on February 4, 1969.
The case was heard by *Hennessey*, J.
*J. Fleet Cowden* for the petitioners.
*Eugene L. Tougas* for Pyne Sand & Stone Co., Inc.
*Robert T. Nealon*, Town Counsel, for the Board of Select-
men of Hopkinton, joined in a brief.
QUIRICO, J.   This is a petition for a writ of mandamus
by eighteen persons (petitioners) who are residents of the
town of Hopkinton (town) against the board of selectmen
(selectmen) of the town, and Pyne Sand & Stone Co., Inc.
(Pyne).   The petitioners seek a writ ordering the selectmen
to revoke an earth removal permit which they issued to
Pyne.   The case was heard on the basis of the testimony and

exhibits at an earlier trial between some of the same parties on a similar permit which had expired, several additional exhibits, and two stipulations incorporating the evidence from the earlier trial and relating to some limited facts. On the basis thereof the judge made and filed a decision entitled "Findings, Rulings and Order" and entered an order for judgment of dismissal of the petition. The case is before us on the appeal of the petitioners. G. L. c. 213, § 1D, as amended by St. 1957, c. 155.

Prior to September 28, 1959, the town had adopted an earth removal by-law under G. L. c. 40, § 21 (17), and a zoning by-law under G. L. c. 40A (or its predecessor statutes, c. 40, §§ 25–30B). At a special town meeting held on that date, the town, by separate votes, first adopted a new zoning by-law and then adopted a new earth removal by-law.[1] The Attorney General approved the earth removal by-law on December 31, 1959, and the zoning by-law on January 8, 1960. G. L. c. 40, § 32.[2]

The zoning by-law lists for each of the several types of zoning districts the uses permitted as a matter of right and those uses allowed under special permits granted by the board of appeals. For each type of district the by-law states that, "Any uses not so permitted are excluded, unless otherwise permitted by law or by the terms hereof." Earth removal is not included in the by-law as a use permitted as matter of right or allowed under special permit in any of the districts. The by-law's "General Provisions," appearing after the provisions stating the specific uses permitted in each district, contain the following language: "23. Earth Removal. Earth removal shall be permitted only in ac-

---

[1] The zoning by-law was made the subject of a referendum petition and it was sustained by a vote taken on October 26, 1959. G. L. c. 43A, § 10.

[2] This section provides that "Before a by-law takes effect it shall be approved by the attorney general . . . [and] it shall also be published" in a manner prescribed therein. *Doliner* v. *Planning Bd. of Millis,* 343 Mass. 1, 6. *Roland Lavoie Constr. Co. Inc.* v. *Building Inspector of Ludlow,* 346 Mass. 274, 275. The petition alleges, and the answer admits, that the earth removal by-law "was presumably published or posted in accordance with G. L. c. 40, § 32." Since the record shows nothing concerning the dates or methods of publication or posting of either by-law, we are unable to determine when each by-law took effect.

cordance with the Earth-Removal By-Law of the Town of Hopkinton regardless of zoning district." That is the only reference to earth removal in the zoning by-law except for defining the words.

We summarize those features of the earth removal by-law which are pertinent to this case. With some exceptions, it prohibits the removal of earth without first obtaining a permit therefor from the selectmen. Applications for permits must be accompanied by plans showing the grades in the area both prior to and after the removal of material. At the conclusion of the earth removal operation all large stones and boulders must be removed, and the area must be covered with not less than eight inches of top soil and seeded. A bond must be posted as security for compliance with the by-law and the conditions of the permit. No permit may be issued until after a public hearing with a prescribed notice to abutters and the planning board. A permit may not be granted for a period of more than two years. The by-law defines the word "earth" as meaning "all forms of soil including, without limitation, loam, sand, gravel, clay, peat, hard-pan or rock." It defines the word "removal" as meaning, "stripping, digging, excavating, or blasting earth from one lot and removing or carrying it away from said lot." It contains the following specific references to zoning: "Section 2. Scope. This by-law shall apply to all earth removal activities in the Town of Hopkinton, except those undertaken on public land and except as otherwise limited herein. It shall apply to all areas regardless of zoning district. Nothing in this by-law, however, shall be deemed to amend, repeal, or supersede the Zoning By-Law as now in force or as later amended. Nothing herein shall derogate from the intent and purpose of said Zoning By-Law. In cases of dual application, the provisions of this By-Law and the Zoning By-Law must both be met and satisfied."

On October 28, 1965, Pyne purchased a parcel of land consisting of about sixty-two acres located in Hopkinton and has continued to own it at all times material to this

case. The entire parcel was situated in a Residence A district under the town's zoning by-law and map.

In January, 1969, Pyne applied to the selectmen for a permit to remove sand and gravel from two acres of the total sixty-two acres which it owned. It filed the required plans showing the grades then existing on those two acres and as they would be at the conclusion of the removal operation. After due notice and a public hearing as required by the earth removal by-law the selectmen on January 29, 1969 granted Pyne the permit which it sought, and they incorporated therein the plans filed by Pyne, the provisions of the by-law and certain special conditions. The plans showed that the existing elevations of the two-acre tract ranged from a low of 275 feet to a high of 305 feet, and that the elevation after conclusion of the removal operation would be about 277 or 278 feet except for a very small area which would remain at the original elevation of 275 feet. Essentially the operation would remove a part of a ridge which extended up to a maximum of about twenty-eight feet above the ultimate grade after removal. If the provisions of the earth removal by-law and the terms and conditions of the earth removal permit are complied with, at the end of the removal operation the two-acre tract will be practically flat and level, covered with at least eight inches of top soil and seeded, and with proper surface drainage. Pyne has given the town a surety company bond for $6,968 to secure such compliance.

Pyne has removed, and continues to remove gravel from the two-acre tract covered by the permit. The permit does not allow any processing operations to be conducted on that tract. All materials removed are taken by truck over several public ways to Pyne's processing plant located on other premises about three and six-tenths miles away from the two-acre tract. The petitioners allege in part that the operation "will impose an undue burden upon the streets and roads so used" and that it "will create undue traffic hazards." In *Stow* v. *Marinelli*, 352 Mass. 738, 742, we held that G. L. c. 40, § 21 (17), the enabling statute for earth

removal by-laws, "is not so broad as to permit the regulation of traffic" in the manner there attempted. Pyne's permit cannot be revoked simply because its otherwise lawful use of public ways has increased the traffic thereon.

The sole legal issue before us is whether Pyne's earth removal operation on the two-acre tract covered by his permit from the selectmen violates the town's zoning by-law. The petitioners argue that it does. They base their argument on the fact that earth removal is not included as a permitted use in any district under the zoning by-law and therefore the selectmen may not grant a permit for such a use. They also rely on the fact that the earth removal by-law states that nothing therein "shall be deemed to amend, repeal, or supersede the Zoning By-Law" or to "derogate from the intent and purposes of said Zoning By-Law"; and that it also states that "[i]n cases of dual application," the provisions of both by-laws must be met and satisfied. The respondent selectmen and Pyne argue that Pyne's earth removal operations do not violate the zoning by-law. Their argument is founded on the language in the zoning by-law expressly providing "[e]arth removal shall be permitted only in accordance with the Earth-Removal By-Law . . . *regardless of zoning district*"; and in the earth removal by-law expressly providing that it "shall apply to all earth removal activities in the Town . . . [and] to all areas *regardless of zoning district*" (emphasis supplied).

The trial judge rejected the petitioners' contention. In so doing he said: "Construing the relevant portions of the zoning by-law and the earth-removal by-law in the manner argued by petitioners would render those portions of the by-laws nugatory and of no effect, would forbid the frequently-necessary function of earth removal under any conditions, and would negative the present carefully-regulated earth removal controls." We agree with that statement and hold that there was no error in the order for dismissal of the petition for a writ of mandamus.

The zoning by-law and the earth removal by-law were adopted at the same town meeting. Each contained detailed

regulations on its respective subject. The language of both by-laws could have more precisely defined their intended relationship. But we are of opinion that the zoning by-law's language does indicate intention to yield and to defer entirely to the earth removal by-law in regulating all aspects of earth removal operations. Such intention is evident in the zoning by-law statement that "earth removal shall be permitted only in accordance with the Earth-Removal By-Law of the Town . . . regardless of zoning district." This is not the language of a prohibition, but the language of permission or authorization subject to regulation in another by-law. The simultaneous earth removal by-law said that it applied "to all earth removal activities in the Town . . . [and] to all areas regardless of zoning district." The earth removal by-law occupied the entire field of regulation of earth removal operations, and the zoning by-law expressly refrained from regulating thereon.

It has long been recognized that under the zoning enabling statute (now G. L. c. 40A, inserted by St. 1954, c. 368, § 2, and formerly G. L. c. 40, §§ 25–30B) municipalities may, by zoning ordinances or by-laws, regulate the use of land and in so doing they may limit, control or prohibit the removal and sale of loam, sand, gravel, stone or other component parts of the land. *Lexington* v. *Menotomy Trust Co.* 304 Mass. 283, 284. *Saugus* v. *Perini & Sons, Inc.* 305 Mass. 403, 407. *Burlington* v. *Dunn*, 318 Mass. 216, 220–223, cert. den. sub nom. *Dunn* v. *Burlington*, 326 U. S. 739. *Billerica* v. *Quinn*, 320 Mass. 687, 690. *Seekonk* v. *John J. McHale & Sons, Inc.* 325 Mass. 271, 274. *Raimondo* v. *Board of Appeals of Bedford*, 331 Mass. 228, 230. Formerly the zoning enabling statute was the only source of municipal authority to regulate the removal of material from the land. Such regulation could not be accomplished by an ordinance or by-law other than a zoning ordinance or by-law. *North Reading* v. *Drinkwater*, 309 Mass. 200. A municipality's authority to regulate, however, was enlarged by St. 1949, c. 98, adding cl. 17 to G. L. c. 40, § 21. Clause 17 provides in part that a municipality may adopt a by-law or ordinance

"[f]or prohibiting or regulating the removal of soil, loam, sand or gravel from land not in public use in the whole or in specified districts of the [city or] town." Thus, municipalities now have the option to proceed under the zoning enabling act or under G. L. c. 40, § 21 (17), in adopting ordinances or by-laws to regulate the removal of material from land. In *Butler* v. *East Bridgewater*, 330 Mass. 33, 36, we said that "[t]he purpose of the 1949 amendment to the statute was to enable municipalities to regulate the removal of soil, loam, sand, or gravel without setting up any zoning system." We do not construe that to mean that a municipality may not regulate the removal of materials from land by a separate ordinance or by-law if it already has enacted or simultaneously adopts a zoning ordinance or by-law. A municipality may properly desire to have two separate ordinances or by-laws to avoid the involved and strict procedural requirements for adopting or amending zoning ordinances and by-laws. See G. L. c. 39, § 15, c. 40A, §§ 6 and 7, c. 43, § 18. While G. L. c. 40, § 21 (17), is available to municipalities which have no zoning ordinances or by-laws, it is equally available to other municipalities.

*Order dismissing petition affirmed.*