WILLIAM L. BYRNE & another[1] *vs.* TOWN OF MIDDLEBOROUGH.

Plymouth.    October 3, 1973. — November 30, 1973.

Present:   TAURO, C.J., BRAUCHER, HENNESSEY, KAPLAN, & WILKINS, JJ.

*Real Property,* Removal of material. *Zoning,* Material removal. *Constitutional Law,* Due process of law, Material removal.

An "Earth Removal" by-law adopted by a town pursuant to G. L. c. 40, § 21 (17), as amended through St. 1967, c. 870, is not subject to G. L. c. 40A, § 5. [333-334]

An "Earth Removal" by-law adopted by a town, under which its board of selectmen adopted regulations pertaining to applications for permits for earth removal and excepting from the requirement of a permit "the continued operation on the same parcel of an existing sand or gravel pit," did not deprive of property without due process of law certain operators of gravel pits who had been engaged in such business before enactment of the by-law and who challenged its validity but did not show that they had any applications for permits pending before, or acted upon by, the board. [334-335]

BILL IN EQUITY filed in the Superior Court on March 16, 1971.

The case was reported by *Sgarzi,* J.

*Marc E. Antine* for the plaintiffs.

*Willis A. Downs* for the defendant.

BRAUCHER, J. On May 28, 1970, the defendant town of Middleborough (the town) adopted an "Earth Removal By-Law (the by-law). The plaintiffs were in the business of operating gravel pits in the town before the by-law was enacted. They argue that their operations are nonconforming

[1]William L. Byrne, Inc., a Massachusetts corporation, and Arnold F. Thomas, Linfield R. Thomas, David B. Thomas and Russell L. Thomas, partners in Nemasket Construction Company.

uses under G. L. c. 40A, § 5, not subject to the by-law, and that a contrary interpretation would violate the due process clause of the Fourteenth Amendment. We hold that the by-law, adopted pursuant to G. L. c. 40, § 21 (17), as amended through St. 1967, c. 870, is not subject to G. L. c. 40A, § 5, and that it has not been shown to be unconstitutional.

The plaintiffs brought a bill for declaratory and injunctive relief in the Superior Court, and the parties thereafter presented a case stated. The judge reported the case to the Appeals Court without decision, and the case was transferred to this court under G. L. c. 211A, § 10 (A). We summarize the case stated.

Before the enactment of the by-law, the plaintiffs were engaged in the busines of operating gravel pits on six tracts of land in the town, and had cleared and prepared a substantial portion of each tract for the removal of gravel and other material. Each tract had a road leading in, a pit where earth had been removed, and a face. One tract had permanently installed machinery for the screening and separation of material, another had a portable screening plant, and several had stock piles of various kinds of separated material. Before the enactment of the by-law and daily during the work week for the remainder of 1970, the plaintiffs worked on the six tracts.

The by-law was adopted pursuant to G. L. c. 40, § 21 (17), at a special town meeting on May 28, 1970, was approved by the Attorney General on August 20, 1970, and was published in a local newspaper in three successive weeks in August and September, 1970. At the plaintiffs' request, "the Selectmen postponed the effect of the by-law until March 1, 1971." The plaintiffs continued to operate their gravel pits on the six tracts until February 27, 1971, when they were notified that they would have to obtain permits under the by-law. They ceased operations from February 27, 1971, until March 16, 1971. Since March 16, 1971, they have continued to remove material from the six tracts in the regular course of their business.

The by-law provides that the board of selectmen of the town shall adopt regulations regarding the method of ap-

plication for permits. "Conditions" for the removal of soil, loam, sand and gravel had been prepared under a previous by-law, and the minutes of a selectmen's meeting of December 28, 1970, show a "consensus of opinion to continue the old conditions as regulations." In January, February and March, 1971, the plaintiffs asked for the regulations and received them. During 1970 and 1971 the town had a zoning by-law, and a variance subject to conditions had been granted in prior years with respect to one of the six tracts, permitting its use as a gravel plant.

The by-law forbids the removal of earth from any lot in the town without a permit from the board of selectmen. Removal of less than twenty-five cubic yards in one calendar year and removal in conjunction with town projects, approved subdivision plans, construction of buildings or construction of driveways are exempted. Continuous earth removal activities in actual working operation on the effective date of the by-law were permitted to continue unaffected until January 1, 1971. Permits are to be subject to conditions to guarantee reasonable surface drainage and reasonable re-use of available topsoil. They are to be issued after advertised notice and public hearing, and are to expire on June 1 of each year, but may be renewed without public hearing.

1. Towns are authorized by G. L. c. 40, § 21 (17), inserted by St. 1949, c. 98, to adopt by-laws for "prohibiting or regulating the removal of soil, loam, sand or gravel from land not in public use in the whole or in specified districts of the town." Before 1949 a town could regulate by a zoning by-law the removal of component parts of land. *Goodwin* v. *Selectmen of Hopkinton,* 358 Mass. 164, 169 (1970), and cases cited. Such regulation was subject to the exception for nonconforming uses. *Burlington* v. *Dunn,* 318 Mass. 216, 223-224 (1945). Regulation could not be accomplished by a by-law other than a zoning by-law. *North Reading* v. *Drinkwater,* 309 Mass. 200, 203-204 (1941). The purpose of the 1949 statute was to enable municipalities to regulate the removal of soil, loam, sand or gravel without setting up any

zoning system. *Butler* v. *East Bridgewater,* 330 Mass. 33, 36 (1953). Since the 1949 statute towns may proceed either under a zoning by-law or under a separate by-law on earth removal. The latter mode of regulation is available to towns which have zoning by-laws as well as to those which do not. *Goodwin* v. *Selectmen of Hopkinton, supra,* at 170.

The zoning enabling statute is now G. L. c. 40A. Section 5 of that statute, as amended through St. 1969, c. 572, provides that "a zoning ordinance or by-law or any amendment thereof" shall not apply to the existing use of land to the extent to which it is used at the time of the adoption of the ordinance or by-law. By its terms § 5 thus has no application to a by-law which is not a zoning by-law. The by-law here in issue, adopted under the authority of G. L. c. 40 rather than of c. 40A, is not a zoning by-law. Compare *Glacier Sand & Stone Co. Inc.* v. *Board of Appeals of Westwood,* 362 Mass. 239, 241-242 (1972).

2. In *Stow* v. *Marinelli,* 352 Mass. 738, 741-742 (1967), it was contended that a by-law adopted under G. L. c. 40, § 21 (17), was "unconstitutional in that it made no exception for earth removal operations which were in existence prior to its passage." We did not consider that question, since we held for other reasons that the decision to deny a permit was invalid. The present case does not present that question, since the "Conditions" which the board of selectmen proposes to follow except from the requirement of a permit "the continued operation on the same parcel of an existing sand or gravel pit."

"In this case there is involved a use of land which, if not in itself a nuisance, has been shown by experience to be likely to produce conditions bordering upon a nuisance." *Butler* v. *East Bridgewater,* 330 Mass. 33, 37 (1953). Such a use may be subjected to regulation by requiring a permit, but the selectmen in deciding to grant or deny a permit must "act in a fair, judicial and reasonable manner upon the evidence as presented to them, keeping in mind the objects of the by-law. They could not act in an unreasonable, arbitrary, whimsical, or capricious manner." *Id.* at 38. *Kelleher* v. *Selectmen of*

*Pembroke,*    Mass. App. Ct.    ,    (1973).[a]

3. The case stated refers to the minutes of the selectmen's meetings in January, 1971, which show receipt from the plaintiffs of applications for permits under the by-law. Subsequent minutes show cancellation of hearings by request and withdrawal of applications. There is nothing to indicate that any applications for permits are pending or that the board of selectmen has made any decision on such an application. We are not required to determine the validity or possible effect of future acts of the board. *Bob Ware's Food Shops, Inc.* v. *Brookline,* 349 Mass. 385, 389 (1965), and cases cited.

4. A decree is to be entered in the Superior Court declaring that the by-law is not subject to G. L. c. 40A, § 5, and does not deprive the plaintiffs of property without due process of law.

*So ordered*