Donohue, J.
This Is an appeal pursuant to G.L.C. 40A, §17 by plaintiff, Leominster Materials Corporation (LMC), of a decision of the Zoning Board of Appeals for the City of Leominster upholding an interpretation of the zoning ordinances of the City of Leominster made by the Director of Inspections pursuant to General Laws c. 40A, §8. On May 15, 1995, the Board upheld the Director’s determination that plaintiffs use of its land for excavation and removal of stone was not a permitted use in a planned development zoning district. The case comes to this court on cross-motions for summary judgment. For the reasons stated below, plaintiffs Motion for Summary Judgment is DENIED, and defendant’s Motion for Summary Judgment is ALLOWED.
BACKGROUND
Leominster Materials Corporation (LMC) is the owner of a parcel of land containing approximately fifty-seven (57) acres of undeveloped land located on Jungle Road in Leominster, Massachusetts. The land is located in a Planned Development (PD) zoning district. The land consists in large part of an outcropping of rock material. It was LMC’s intention to remove the rock from the site and bring the property down to the level of Jungle Road in the hope of making the parcel more desirable for a purchaser to construct a building. LMC has been using the property to blast and remove stone and to perform other general quarrying activities.
Liberty Commons Realty Trust, an owner of property located near LMC’s land, wrote to the Office of the Building Inspector (the Office) protesting the removal of stone from LCM’s property. On April 24, 1995, in response to that letter, the Director of the Office issued a determination that LMC’s excavation and removal of stone was a general quarrying activity and was not permitted in a PD district.
On May 5, 1995 LMC filed an appeal from the Director’s determination and on May 31, 1995 the Board of Appeals for the Office voted to uphold the interpretation of the Director.
DISCUSSION
Summary judgment must be granted where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community National Bank v. Dawes, 369 Mass 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the moving party is entitled to judgment as a matter of law. Pederson v. Time, Inc. 404 Mass. 14, 16-17 (1989). With respect to any claim on which the party moving for summary judgment does not have the burden of proof at trial, the moving party may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp. 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991).
As plaintiff and defendant do not disagree on the facts, the sole issue of law remaining for this court to determine is the proper interpretation of the zoning ordinance of the City of Leominster.
Section 22-17(d), provides that generally permitted uses include:
Sand, gravel, or loam removal subject to the provision of city ordinances regulating such removal.
In his decision, the Director stated that the activity of blasting and removing rock from LMC’s property constitutes “quarrying” and as such is not a permitted use in a PD district.
LMC sets forward two perceived flaws in the Director’s interpretation of section 22-17(d). First, LMC argues that in order to reach such a position, the Director must have made a determination that the rock on LMC’s property is different than earth products (sand, gravel and loam) which are explicitly covered by the Leominster Zoning Ordinances.
LMC appears to be arguing against its own case when it explicitly outlines the logic of the Director. It is a fundamental principle of interpretation of zoning ordinances that the express mention of one matter as an allowed use excludes other similar matters not mentioned. Board of Selectmen of Hatfield v. Garvey, 362 Mass. 821, 824 (1973). Here the zoning ordinance specifically regulates sand, gravel and loam but does not discuss stone or rock. Therefore, the court rules that section 22-17(d) does not regulate the removal of these earth products.
Second, LMC alternatively argues that even if the Director was correct in his underlying determination that allowing sand loam and gravel is an activity distinct from the removal of rock, he still is in error in determining that it is not a permitted use in a PD district. LMC reasons that under this interpretation the removal of rock from property is an activity which could be regulated within the City of Leominster but which the city has elected not to do.
Municipalities may regulate earth removal through their zoning ordinance or by-laws or by a general ordinance or by-law. See Glacier Sand & Stone Co. v. Board of Appeals of Westwood, 362 Mass. 239, 242 (1972). A municipality may, by way of zoning ordinance, limit, control or prohibit the removal and sale of loam, sand, gravel, stone or other component parts of the land. Goodwin v. Board of Selectmen of Hopkinton, 358 Mass. 164, 169 (1970). However, a municipality need not adopt both a zoning ordinance and a general ordinance to regulate earth removal. See Glacier Sand & Stone Co. v. Board of Appeals of Westwood, 362 Mass. 239, 242 (1972). The City of Leominster has chosen to regulate such activity by way of a zoning ordinance. All earth removal is not the same. It falls to common sense to realize that the removal of gravel by simply digging is a very different process than blasting of rock with dynamite.
*278 Therefore, the court rules that the City of Leomins-ter is within its rights in using a zoning ordinance to control activity within a specifically zoned distict and that ordinance 22-17(d) does not include the removal of stone as a generally permitted use in a PD zoned district.
ORDER
For the forgoing reasons, it is hereby ORDERED that plaintiffs Motion for Summary Judgment is DENIED and defendant’s Cross-Motion for Summary Judgment is ALLOWED.