TOWN OF KINGSTON *vs.* JOHN HAMILTON, JR., trustee.

Plymouth. December 13, 1974. — January 13, 1975.

Present: HALE, C.J., ROSE, KEVILLE, GRANT, & ARMSTRONG, JJ.

*Real Property*, Removal of material. *Municipal Corporations*, By-laws and ordinances.

The preëxisting and nonconforming use of a parcel for the removal of earth materials was subject to the permit requirements of a town's earth removal by-law adopted pursuant to G. L. c. 40, § 21 (17). [774-775]

BILL IN EQUITY filed in the Superior Court on October 17, 1972.

The suit was heard by *Ford,* J.

*Phillip S. Cronin,* Town Counsel (*David L. Delaney* with him) the town of Kingston.

*Harold Meizler* for John Hamilton, Jr., trustee.

HALE, C.J. The plaintiff brought this bill in equity to restrain the defendant from removing earth from an 18.6-acre parcel of land owned by the defendant, claiming that such removal was in violation of the town's zoning by-law and of its earth removal by-law adopted pursuant to G. L. c. 40, § 21 (17) (as amended through St. 1967, c. 870). After a trial, which included a view, the judge made detailed findings and rulings, and, pursuant to his

order, a final decree was entered which determined (1) that the defendant's use of his entire parcel for the removal of earth materials, loam, sand, gravel, and stone was and is a valid preëxisting and nonconforming use; (2) that his preëxisting and nonconforming use is subject to the permit requirements of the town's earth removal by-law; and (3) that he be enjoined from such earth removal activity except as might be authorized by a permit issued by the selectmen of the town.

Both the town and the defendant have appealed, the town contending against the first part of the decree and the defendant against the second and third parts. The case is before us on a report of the evidence and the judge's extensive findings which he adopted as a report of material facts (which are fully supported by the evidence). The judge also made comprehensive rulings and discussed at length the authorities upon which he relied.

The decree of the judge was correct for the reasons stated in his findings and rulings. Moreover, after those rulings were made, this court in *Kelleher* v. *Selectmen of Pembroke,* 1 Mass. App. Ct. 174, 184-186 (1973), ruled adversely to the defendant's principal contention by upholding the constitutionality of the reasonable regulation of existing earth removal operations by means of a by-law adopted under G. L. c. 40, § 21 (17). The Supreme Judicial Court thereafter held that such a by-law is not subject to the existing-use provisions of G. L. c. 40A, § 5, and does not, on its face, deprive the owner of an existing operation without due process of law. *Byrne* v. *Middleborough,* 364 Mass. 331, 334-335 (1973).

The town's earth removal by-law, as we interpret it, does not ban an operation of the kind conducted by the defendant but provides instead for the issuance of permits upon application and for the imposition of certain conditions in such a permit. The judge ruled, and we agree, that the earth removal by-law is a reasonable exercise of the police power of the town. However, in acting upon an application for a permit the selectmen must "act in a

fair, judicial and reasonable manner upon the evidence as presented to them, keeping in mind the objects of the by-law. They . . . [may not] act in an unreasonable, arbitrary, whimsical, or capricious manner." *Butler* v. *East Bridgewater*, 330 Mass. 33, 38 (1953). See *Kelleher* v. *Selectmen of Pembroke*, 1 Mass. App. Ct. 174, 182-184 (1973).

*Decree affirmed.*