BOARD OF SELECTMEN OF NORWELL *vs.* TOIVA JARVINEN. April 9, 1982. The issue raised by the defendant's appeal is whether the Norwell earth removal by-law has any effect on the earth excavation and soil by-products business operated by the defendant in a residential zone of Norwell since long before the dates of the adoption and the amendment of the by-law in dispute. We affirm the judgment which enjoins him from excavating soil but allows the removal of stockpiled materials pursuant to a permit.

Using the authority conferred upon it by G. L. c. 40, § 21 (17), Norwell adopted, in 1958, an earth removal by-law which required that a permit be obtained prior to the removal of any soil, loam, sand or gravel from any land in Norwell not in public use. The defendant obtained the requisite permits until 1966, when a further application was not approved, and he thereafter made no other request for a permit. The by-law was amended to its present form in 1970, and § 1 expressly prohibits the "removal of soil loam, sand or gravel from land located within the Residential and Conservation Districts, as defined in the Norwell Zoning By-Law . . . except as otherwise provided by law and except for Town use with the approval of the Board of Selectmen."

1. For the reason discussed in *Beard* v. *Salisbury*, 378 Mass. 435, 438-441 (1979), and *Lovequist* v. *Conservation Commn. of Dennis*, 379 Mass. 7, 15 (1979), we reject all the defendant's contentions assailing Norwell's statutory power to provide only two narrow exceptions to its prohibition of earth removal activities within its residential and conservation zones. The defendant's reliance on *Kelleher* v. *Selectmen of Pembroke*, 1 Mass. App. Ct. 174, 182-184 (1973), and *Kingston* v. *Hamilton*, 2 Mass. App. Ct. 773, 774 (1975), for the proposition that the selectmen must reasonably regulate earth removal activities, overlooks the fact that those cases were dealing with the propriety of rulings on applications for permits in accordance with by-laws authorizing earth removal in the first instance.

2. The defendant's claim that the Norwell earth removal by-law is so entwined with the zoning by-law that the former must be regarded as a zoning provision is also disposed of by *Lovequist* v. *Conservation Commn. of Dennis*, 379 Mass. at 12-14. His characterization of his operations as

"authorized or provided by law," and thus within the scope of § 2 of the disputed by-law, proceeds on the erroneous premise that we will treat the earth removal by-law as a zoning provision from which preexisting uses are exempted by reason of G. L. c. 40A, §§ 5 and 6. As stated at the outset, the earth removal by-law was adopted under G. L. c. 40, § 21(17). See *Byrne* v. *Middleborough*, 364 Mass. 331, 333-334 (1973); *Kingston* v. *Hamilton*, 2 Mass. App. Ct. at 774.

3. The judge was correct in ruling that to remove any stockpiled earth materials from his land, the defendant must first obtain a permit in accordance with the procedures, standards, and conditions elaborated upon in § 4(A) through (E), inclusive, of the earth removal by-law. See, e.g., *Butler* v. *East Bridgewater*, 330 Mass. 33, 40 (1953).

*Judgment affirmed.*

*Henry S. Levin* for the defendant.
*Edward P. Ryan*, Town Counsel, for the plaintiff.