BUILDING INSPECTOR OF CHELMSFORD *vs.* WILLIAM E.
BELLEVILLE & another.

Middlesex.   February 7, 1961. — March 9, 1961.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Zoning.*

A town's zoning by-law enumerating certain uses permitted in a residence
district but containing no express prohibition or restriction of other
uses therein was not thereby invalid, and effectively prohibited other
uses therein.

BILL IN EQUITY, filed in the Superior Court on November
17, 1959.

The suit was heard by *Vallely, J.*

*Warren W. Allgrove,* for the defendants.

*Vernon R. Fletcher,* Town Counsel, for the plaintiff.

SPIEGEL, J.   This bill in equity sought to enforce the
zoning by-law of the town of Chelmsford to prevent the
defendants' garaging and storing heavy equipment in a
Single Residence A-1 District.   The defendants, by stipu-
lation, admitted all the allegations in the bill.   By further
stipulation of the parties the sole question in issue was the
validity of the zoning by-law.   A judge of the Superior
Court decided that it was valid and entered a final decree
permanently restraining the defendants from garaging and
storing paving equipment on their premises in violation of
the zoning by-law.

It is the contention of the defendants that the zoning by-
law of the town of Chelmsford, as enacted, fails to comply
with G. L. c. 40A, § 2, as amended through St. 1959, c. 607,
§ 1, "in that it stipulates the permitted uses that are in-
cluded in a Single Residence A-1 District but does not re-
strict or prohibit any other use; that no town may by impli-
cation regulate the uses in a particular district without a
positive prohibition or restriction; that a regulation alone,

without express language of restriction is not in compliance with c. 40A, §§ 2, 3, or 4 . . . .''

The town of Chelmsford by its zoning by-law established eight classes of use districts. It was stipulated by the parties that the defendants' property is included in the Single Residence A-1 District. Section 3 (A) of the Chelmsford zoning by-law lists fourteen permitted uses of buildings and land in Single Residence A-1, A-2 and A-3 districts. Incidental or accessory uses are also permitted under this section. However, garaging and storing of heavy equipment are not included. The defendants do not attack the validity of the Chelmsford zoning by-law on any of the usual grounds but argue that the town did not ''adopt any form of by-law'' because it does not contain any express or positive prohibitions or restrictions and is therefore not in accordance with the enabling legislation.

There is no need to resort to the presumption of validity of a statute to answer the defendants' argument.

The benefits of a zoning statute are not to be dispensed with upon the theory that the statute does not spell out the restrictive or prohibitive elements involved. If the permissive features are stated with clarity then there can be no doubt as to what was intended to be accomplished by the legislative body. To hold that the zoning by-law in question has no validity in the instant case because it lacks prohibitive or restrictive language would make a mockery of the zoning by-law.

A zoning by-law need not be both permissive and prohibitive in form. It may utilize one or the other, or both forms. In drafting a zoning by-law it may be more expeditious to list the uses which are permitted than to attempt to detail the prohibited uses. The fact that the uses permitted are enumerated without a statement that all other uses are prohibited does not invalidate the zoning by-law. McQuillin, Municipal Corporations (3d ed.) § 25.124. Rhyne, Municipal Law, § 32–6, p. 834.

The enumeration of permitted uses in a Single Residence A-1 District which does not include the storing or garaging

of heavy equipment suffices to show that such use is not authorized in a Single Residence A-1 District in Chelmsford. *Brookline* v. *Co-Ray Realty Co. Inc.* 326 Mass. 206, 212. "It is a 'familiar principle of interpretation that express mention of one matter excludes by implication other similar matters not mentioned.'" *Foster* v. *Mayor of Beverly,* 315 Mass. 567, 569. The application of this principle supplies prohibitions and restrictions to the zoning by-law in question.

*Decree affirmed.*