Joseph Barbato, Jr. *vs.* Board of Appeal of Chelsea.

Suffolk.    December 4, 1968. — January 31, 1969.

Present: Wilkins, C.J., Cutter, Kirk, Spiegel, & Reardon, JJ.

*Zoning*, Garage, Variance, "Mechanical shop." *Words*, "Automobile," "Community garage," "Mechanical shop."

A concrete garage for storage and repair of several large dump trucks and a backhoe in a residence zoning district of a city was not a "community garage," which was defined in the zoning ordinance as a "group of private garages" for not more than ten "automobiles" and was a permitted use in such a district "provided that no business or industry . . . be conducted therein"; nor was such concrete garage a "mechanical shop" within the meaning of a previously granted zoning variance for the premises.

Bill in equity filed in the Superior Court on July 19, 1966.

The suit was heard by *Ponte*, J.

*Samuel Leader (John F. Donovan, Sr.,* with him) for the plaintiff.

*Alexander E. Finger*, City Solicitor, for the defendant.

Spiegel, J.   This is a bill in equity by way of an appeal under G. L. c. 40A, § 21, from a decision of the board of appeal of the city of Chelsea (board) sustaining the building inspector's denial of a building permit. Both parties appealed from a final decree upholding the decision of the board. The judge filed "Findings, Rulings and Order" and the evidence is reported.

We summarize the pertinent findings of the judge. Early in 1966, Joseph Barbato, Jr., entered into an oral agreement to purchase three adjacent vacant lots located within a residence B district in Chelsea. In 1949, the then owner of the lots had been granted a variance "for the purpose of erecting a building on said land to be used as 'a mechanical shop,' subject to . . . [certain] restrictions." On February 28, 1966, Barbato filed an application for a permit to build a one story concrete garage on the lots to house three ten-wheel dump trucks, a pickup truck and a backhoe. Necessary repairs of the equipment were to be made in the proposed building. Apart from the use to which the building would be put, it complied with the restrictions set forth in the 1949 variance.

The building inspector denied the permit "on the advice of the City Solicitor" and Barbato appealed to the board. The board unanimously sustained the building inspector's denial. Subsequent to the filing of the appeal to the board, but prior to the board's decision, Barbato and his wife acquired title to the three lots.

Barbato contends that the proposed building constitutes a "community garage." A community garage, which is defined in the zoning ordinance as a "group of private garages not more than one story in height, having a capacity of not more than ten automobiles, arranged in a row or surrounding a common means of access," is a permitted residence B district use, *"provided that no business or industry may be conducted therein"* (emphasis supplied). Barbato argues that "automobile" is a "generic term covering both trucks and passenger cars."

We do not think that the term "automobile" as used in the zoning ordinance includes ten-wheel dump trucks or backhoes, or that the term "community garage" includes a building for the storage and repair of such equipment. Admittedly one provision of the zoning ordinance specifically limits garages to "passenger automobiles." However, another provision permits "[a] garage for not more than two automobiles" as an accessory use in a residence A dis-

trict.   The community garage permitted in a residence B district is analogous to the accessory garage allowed in a residence A district.   While not specifically limited to "passenger automobiles," both structures are limited to the parking of motor vehicles one would normally use as family or pleasure vehicles and would have at one's place of residence. See *Building Inspector of Falmouth* v. *Gingrass*, 338 Mass. 274, 275.   In addition, we note that the zoning ordinance provides that "no business or industry may be conducted" in a community garage.

Barbato also contends that the proposed building is within the variance granted in 1949 for the erection of a "mechanical shop."   We do not agree.   We do not believe that when the variance was granted for the erection of a "mechanical shop" it was intended to be used for the storage and repair of heavy construction equipment.

Barbato "admits that his application for a permit and his appeal . . . did not involve an accessory building."   As the proposed building is within neither the uses permitted by the zoning ordinance nor the use permitted by the variance, we see no need to consider any of the other issues.

*Decree affirmed.*