ALBEE INDUSTRIES, INC. *vs.* INSPECTOR OF BUILDINGS OF WALTHAM & another. August 6, 1980. Section 21-29 of art. XIII of the zoning ordinance of Waltham prohibited "[s]torage yards for heavy trucking and earth moving equipment" in an area in which the defendant R. J. Cincotta Co., Inc. (Cincotta), operated a general contracting business. In the commercial zoning district in which Cincotta's property was located, the business of general contracting was permitted as a primary use, and provision was made for accessory uses. However, the judge found that Cincotta's trucks and equipment were left on the property on a permanent basis in such substantial numbers (twenty-nine pieces of heavy equipment and eighteen snow plows) that Cincotta was maintaining a prohibited storage yard. We are unable to say that the judge was wrong as a matter of law in finding that Cincotta's trucks and equipment, in the numbers here stored, were not subordinate and customarily incidental to the business of general contracting, and, therefore, that such storage was not a permissible accessory use. See *Harvard* v. *Maxant,* 360 Mass. 432, 438 (1971). "The word 'incidental' as employed in a definition of 'accessory use' . . . means [among other things] that the use must not be the primary use of the property but rather one which is subordinate and minor in significance." *Id.* The judge's conclusion that Cincotta's storage of its equip-

ment constituted a prohibited storage yard rather than a subordinate arrangement of minor significance in relation to its general contracting business shall, on these facts, not be disturbed.

Cincotta relies heavily on what allegedly appears in the transcript of the hearing before the master. Apart from the fact that nothing in the record shows that such a transcript even exists, it is not properly a part of the record on appeal in this case. See *Michelson* v. *Aronson,* 4 Mass. App. Ct. 182, 183-187 (1976).

Moreover, Cincotta charges the trial judge with having ignored certain arguments presented by it at a hearing — notwithstanding the absence from the record of any information about what transpired at that hearing. See *Irving Coven Constr. & Realty, Inc.* v. *State Tax Commn.,* 5 Mass. App. Ct. 818 (1977).

Finally, Cincotta contends that certain crucial findings were improperly omitted from the master's report, but apparently would have this court overlook the fact that he filed no objections to the report (see *Newton Housing Authy.* v. *Cumberland Constr. Co.,* 5 Mass. App. Ct. 1, 7 [1977]) nor any motion to recommit for additional findings (see *Powell's Gen. Contr. Co.* v. *Marshfield Housing Authy.,* 7 Mass. App. Ct. 763, 768 (1979), but contented itself with nothing but a motion to "confirm" the report. To be sure, the other defendant did file a motion to recommit, but his motion did not touch upon any of the points raised by Cincotta in its brief.

Accordingly, there was no error in ordering the defendant building inspector to enforce the ordinance so as to require Cincotta to cease and desist from "maintaining and operating" the storage yard, in declaring such use a nuisance, or in permanently enjoining Cincotta from using the premises for such prohibited purposes.

*Judgment affirmed.*

*Robert S. Marsh* for R. J. Cincotta Co., Inc.

*John B. Cervone,* Assistant City Solicitor, for the Inspector of Buildings of Waltham.

*James C. Heigham* for the plaintiff.