WALTER E. JAWORSKI, executor, & others[1] *vs.* EARTH
REMOVAL BOARD OF MILLVILLE & another.[2]

No. 92-P-615.

Suffolk. September 14, 1993. - January 20, 1994.

Present: DREBEN, GILLERMAN, & GREENBERG, JJ

*Municipal Corporations*, Earth removal, By-laws and ordinances. *Zoning*,
    Earth removal.

A general zoning by-law adopted in 1977 that was silent on earth removal
    operations did not operate to exclude earth removal operations ex-
    pressly permitted by a specific and comprehensive earth removal by-law
    adopted in 1990. [797-799]

CIVIL ACTION commenced in the Land Court Department
on July 18, 1990.

The case was heard by *Robert V. Cauchon*, J.

*Joel B. Bard* for the defendants.

*Mark L. Donahue* for the plaintiffs.

DREBEN, J. The sole question on this appeal is whether the
1977 Millville zoning by-law, which is silent on earth re-
moval, precludes the grant of a permit to the plaintiffs under
an earth removal by-law enacted in 1990. A Land Court
judge granted summary judgment to the plaintiffs in this ac-
tion brought pursuant to G. L. c. 240, § 14A, holding that
their proposed earth removal operations are governed exclu-
sively by the earth removal by-law. The town and the earth
removal board (board) have appealed. We affirm.

The relevant facts are undisputed. In 1963, the town
adopted an earth removal by-law pursuant to G. L. c. 40,

[1]The complaint was filed by Walter E. Jaworski and Janice E. Fagan, as
executors of the estate of Amelia Jaworski, and by Gary W. Jaworski.

[2]Town of Millville.

§ 21 (17).[3] Its first zoning by-law was adopted in 1977. That by-law, which is still in effect, does not mention earth removal. In 1990, the town substituted a lengthy and comprehensive earth removal by-law for the earlier 1963 by-law.

The plaintiffs applied for an earth removal permit in 1989 but subsequently agreed that their pending application would be subject to the new by-law. At first, the board denied the permit, but, after the plaintiffs brought this action, the parties stipulated to a partial remand to the board for reconsideration, the Land Court judge retaining jurisdiction. On remand, the board granted the plaintiffs a permit with numerous conditions, and, thereafter, the judge ruled in the plaintiffs' favor.

The relevant sections of the zoning by-law are §§ 1.3, 3.1,[4] and 5.10. Section 1.3 of the zoning by-law provides:

> "Any building, structure or land shall not be used for any purpose or in any manner other than is permitted within the district in which such building, structure or land is located. Any use not specifically enumerated in a district herein shall be deemed prohibited."

Section 5.10 of the zoning by-law provides:

> "This by-law shall not interfere with or annul any other Town by-law, rule, regulation, or permit provided that, unless specifically excepted, where this by-law is more stringent, it shall control."

Subsection 2 of the earth removal by-law, entitled "Scope," is as follows:

---

[3]"[M]unicipalities now have the option to proceed under the zoning enabling act or under G. L. c. 40, § 21 (17), in adopting ordinances or by-laws to regulate the removal of material from land." *Goodwin* v. *Selectmen of Hopkinton*, 358 Mass. 164, 170 (1970).

[4]Section 3.1 is the first subsection relating to the by-law's use regulations and provides: "No building, structure, or land shall be used for any purpose or in any manner other than is permitted and set forth in Section 3.2, Schedule of Use Regulations. . . ."

"This By-law shall apply to all earth removal operations in the Town of Millville except as otherwise provided in this By-law. It shall apply to all areas regardless of zoning district.

"Nothing in this By-law, however, shall be deemed to amend, repeal, or supersede the Zoning By-laws of the Town of Millville now or hereafter in effect. Nothing in this By-law shall derogate from the intent and purpose of such Zoning By-laws.

"In cases of dual application, the provisions of this By-law and the Zoning By-laws must both be met and satisfied."

The remaining provisions of the earth removal by-law are lengthy,[5] and the board is given the authority to deny a permit if the proposed excavation, for example, endangers the public health or safety, constitutes a nuisance, or threatens to undermine a way or a building. The by-law covers a broad range of activities including commercial earth removal.

Citing *Building Inspector of Chelmsford* v. *Belleville*, 342 Mass. 216, 217-218 (1961), and *Harvard* v. *Maxant*, 360 Mass. 432, 436 (1971), the town argues that where certain uses are permitted under a zoning by-law, uses not listed are prohibited. Moreover, the town claims, the zoning by-law states that all uses not expressly permitted are prohibited. The town's argument neglects to consider that, unlike the situation in the cited cases, there are two by-laws at issue here.

---

[5]Earth and earth removal are defined in the most inclusive terms. The board is given the authority to exempt certain operations, e.g., municipal and agricultural operations, those incidental to building, and those involving small amounts of fill. Applications require extensive supporting documentation, including, e.g., topographical maps before and after the proposed excavations, a certified statement of quantity made by a registered engineer, and a fee to cover the costs of the engineering expense incurred by the town as part of the review process. Extensive operating standards specify, among numerous other requirements, that removal below natural grade shall not be permitted within 200 feet of a residentially zoned property line without certain precautions, slopes must not exceed certain angles, and excavating below a certain level above groundwater is prohibited. Requirements of restoration on completion are set forth, and a performance bond is required.

While the relationship between them could (and should) have been expressed more clearly, our task, if possible, is to interpret the by-laws "harmoniously." See *Boston Hous. Authy.* v. *Labor Relations Commn.*, 398 Mass. 715, 718 (1986).

As pointed out by the motion judge, if the by-laws were construed in the manner argued for by the town, the carefully regulated earth removal controls in the 1990 by-law would be rendered nugatory, and almost no earth removal activities could be undertaken in the town.[6] We also agree with his analysis that, despite the different language of the zoning by-law, the principles expressed in *Goodwin* v. *Selectmen of Hopkinton*, 358 Mass. 164, 169 (1970), are applicable here. Although the Hopkinton zoning by-law excluded any uses that were not expressly permitted, it referred to the earth removal by-law, which was adopted on the same day as the zoning by-law, as follows: "earth removal shall be permitted only in accordance with the Earth-Removal By-Law of the Town . . . regardless of zoning district." Noting that construing the zoning law to exclude earth removal operations would render the earth removal by-law nugatory and would negate the detailed regulations governing earth removal, the Supreme Judicial Court construed the earth removal by-law as occupying the entire field. *Ibid.*[7]

---

[6]The Millville zoning by-law does not provide for use variations.

The only applications of the earth removal by-law put forward by the town to counter the claim that its position would render the by-law a nullity are operations existing before the 1977 zoning law, see *McIntyre* v. *Selectmen of Ashby*, 31 Mass. App. Ct. 735, 740 (1992), and earth removal operations that the board in its discretion can exempt from the by-law. The operations that may be exempt are those incidental to other uses, such as earth removal incidental to farming and other agricultural uses, or incidental to construction of a building or landscaping or a private way. Since the board need not exempt such projects, the town argues, the earth removal by-law still has some application. The by-law obviously does not purport to have such a limited effect.

[7]*Toda* v. *Board of Appeals of Manchester*, 18 Mass. App. Ct. 317, 320 (1984), also discussed the relationship between earth removal and zoning by-laws. There, the court held that the processing of rock went beyond earth removal, *id.* at 321, and found it unnecessary to decide whether a use variance was needed as well as an earth removal permit. *Id.* at 320 n.7.

While the Millville zoning by-law does not expressly mention the earth removal law, § 5.10 of the zoning by-law provides that other town by-laws, and hence the earth removal law, are not to be annulled. Following the rules of statutory construction that a general statute must yield to a specific statute, especially if the specific statute was enacted after the general statute, *Pereira* v. *New England LNG Co.*, 364 Mass. 109, 118 (1973), and that we must "give effect to the [legislative body's] intention in such a way that the later legislative action may not be futile," *Doherty* v. *Commissioner of Admin.*, 349 Mass. 687, 690, (1965), we reject the argument of the town that the proviso[8] of § 5.10 of the zoning by-law means that earth removal is a prohibited activity in all zoning districts. In sum, we agree with the motion judge that the plaintiffs' application is not affected by the zoning by-law.[9]

*Judgment affirmed.*

---

[8]"[W]here this by-law is more stringent, it shall control."

[9]Since we hold that the zoning by-law does not in this case preclude the application of the earth removal by-law, the earth removal by-law does not supersede the zoning by-law. See subsection 2 of the earth removal by-law, *supra.*