LEOMINSTER MATERIALS CORPORATION *vs.* BOARD OF APPEALS OF LEOMINSTER & another[1] ; LIBERTY COMMONS REALTY TRUST & others,[2] interveners.

No. 96-P-850.

Worcester. February 5, 1997. - April 7, 1997.

Present: ARMSTRONG, GILLERMAN, & LENK, JJ. '

*Practice, Civil,* Summary judgment. *Zoning,* Earth removal. *Municipal Corporations,* By-laws and ordinances, Earth removal.

Where a zoning ordinance expressly permitted in any district the removal of only sand, loam and gravel, the removal of stone and rock was not a permitted use. [460-462]

The absence of a general or zoning ordinance prohibiting the excavation or removal of stone within a municipality authorized to enact such a prohibition under both G. L. c. 40, § 21(7), and G. L. c. 40A, did not make such activities lawful. [462]

In an action brought pursuant to G. L. c. 40A, seeking review of a determination of a zoning board of appeals that a certain land use was prohibited, the judge incorrectly assessed costs against the party appealing from the board's decision where there was no finding that that party had acted in bad faith or with malice in appealing. [462-463]

CIVIL ACTION commenced in the Superior Court Department on June 29, 1995.

The case was heard by *James P. Donohue,* J., on motions for summary judgment, and motions to intervene and for reconsideration were heard by *Daniel F. Toomey,* J.

*John J. Curley, III,* for Leominster Materials Corporation.

*Judith C. Cutler* for the Board of Appeals of Leominster & another.

*Thomas M. Bovenzi* for the interveners.

LENK, J. The principal issue raised by this appeal is the

---

[1] The director of inspections of Leominster.

[2] Wildwood Realty Trust and John K. Tupper.

proper interpretation of a zoning ordinance of the city of Leominster (city) governing the removal of certain earth products. The plaintiff, Leominster Materials Corporation (LMC), appeals from a decision of the city's zoning board of appeals (board), issued pursuant to G. L. c. 40A, § 8, upholding the interpretation of the zoning ordinance of the city made by the director of inspections (director). The director's interpretation of the ordinance led to a determination that the plaintiff's use of its land for excavation and removal of stone and general quarrying activity was not a permitted use.

LMC owns approximately fifty-seven acres of land located on Jungle Road in Leominster. The land consists, in large part, of an outcropping of rock. LMC had been using the property to excavate and remove stone and to perform other general quarrying activities.

On April 4, 1995, Liberty Commons Realty Trust (Liberty Commons), the owner of nearby land, wrote to the director to complain about LMC's stone removal activities. In its letter, Liberty Commons contended that LMC's activities are not a permitted use; are not incidental to the excavation or grading necessary for construction permitted under a valid building permit or in connection with an approved subdivision; are extremely hazardous; and present significant risks to the neighborhood in general and, in particular, to children playing in the area. In response, the director issued a determination on April 24, 1995, stating that LMC's activities were not permitted in the planned development district in which the subject land is located. On May 5, 1995, pursuant to G. L. c. 40A, § 14, and article IV, § 22-23 of the city's zoning ordinance, LMC appealed from this determination.

On May 31, 1995, the board held a public hearing to consider LMC's appeal from the director's interpretation. After public comment, the board discussed the appeal and voted. The board's vote upheld the director's decision.[3] The plaintiff then filed an appeal in the Superior Court.

Prior to trial, both parties filed motions for summary judgment, and, after oral argument, the motion judge issued a written memorandum of decision and order denying LMC's motion and allowing that of the board. The motion judge

---

[3]In order to overturn the director's interpretation, four out of five of the board members would have to have voted to overturn. Here, only three out of five of the board members voted to reverse the director's decision.

ruled that § 22-17(d) of the zoning ordinance does not permit the removal of stone and rock in any zoning district and that the absence of an ordinance or by-law forbidding stone and rock removal does not imply that such removal constitutes an allowable use. The motion judge entered a judgment dismissing LMC's complaint, with costs, on April 12, 1996. LMC now appeals from this judgment.

During the pendency of this action, on December 29, 1995, Liberty Commons, Wildwood Realty Trust, and John K. Tupper, owners of land that abut or are in the immediate vicinity of the LMC site, filed a motion to intervene as of right. A second judge of the Superior Court heard oral argument on this motion on March 15, 1996, and on March 21, 1996, denied the abutters' motion to intervene. The judge ruled that the abutters' "interests are not shown to be unprotected by the defendants' efforts in this litigation." The abutters' subsequent motion for reconsideration was likewise denied on April 23, 1996. The abutters now appeal from this ruling.

1. *Summary judgment.* On appeal, LMC argues that the entry of summary judgment in favor of the defendants was in error because, as a matter of law, the removal of stone and rock is a permitted use under § 22-17(d) of the zoning ordinance. The granting of summary judgment will be upheld on appeal where the moving party has met its burden of demonstrating that there are no material facts in dispute and it is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974). *John B. Deary, Inc.* v. *Crane,* 4 Mass. App. Ct. 719, 722 (1976). We conclude that the award of summary judgment was proper in this case because there are no material facts in dispute and the defendants have shown that they are entitled to judgment as a matter of law.

In § 22-17(d) of the zoning ordinance, entitled "Generally Permitted Uses," the removal of sand, gravel, or loam is an explicitly permitted use of land in all zoning districts of the city, subject to the provisions of city ordinances regulating such removal. LMC contends that a fair reading of this section of the zoning ordinance should be that removal of earth products in general is a permitted use in all zoning districts of the city, subject to any general ordinances regulating such removal.

LMC first argues that G. L. c. 40, § 21(17), has generally

been assumed to give municipalities a mechanism to regulate the removal of all earth products, including rock, and, by extension, the zoning ordinance in this case should be similarly construed. G. L. c. 40, § 21(17), as amended through St. 1973, c. 317, enables municipalities to adopt restrictions on the removal of "soil, loam, sand or gravel" to address the deleterious effects brought about by unrestrained earth removal. *Beard* v. *Salisbury*, 378 Mass. 435, 439 (1979). Contrary to LMC's assertion as to the broad reach of this statute, it is in fact as yet unsettled whether this statute provides sufficient authority to regulate the extraction of rock. See *Toda* v. *Board of Appeals of Manchester*, 18 Mass. App. Ct. 317, 320 n.6 (1984) ("We note in passing that, while the earth removal by-law [art. XII of the Manchester general by-laws] was explicitly drafted to govern the extraction of rock, the enabling legislation [G. L. c. 40, § 21(17)] speaks only in terms of 'the removal of soil, loam, sand or gravel' "). We need not linger on this point since the city has not adopted any general by-law under G. L. c. 40, § 21(17), governing how earth removal is to be carried out in the city. It has instead enacted a zoning ordinance pursuant to G. L. c. 40A, permitting the removal of sand, loam, and gravel in any zoning district in the city.

It is a familiar principle of interpretation that express mention of one matter excludes by implication other similar matters not mentioned. *Selectmen of Hatfield* v. *Garvey*, 362 Mass. 821, 824 (1973). Since the removal of sand, loam, and gravel is an expressly permitted use in all zoning districts, the exclusion of rock and stone removal from the list of permissible uses was presumably deliberate and not an oversight. See *ibid*. The court cannot read into the ordinance an unexpressed exception. *Foster* v. *Mayor of Beverly*, 315 Mass. 567, 570 (1944). Thus, where the only earth product removal listed under permissible uses in the zoning ordinance is the removal of sand, loam, and gravel, we decline to read into the ordinance permission for the removal of other earth products. Compare *Livoli* v. *Zoning Bd. of Appeal of Southborough, post* 921, 923 (1997).

LMC also contends that § 22-43(c)(12) of the zoning ordinance governing water supply protection districts, which prohibits the "mining of land except as incidental to a permitted use," implies that the mining of land outside of that

district is permitted. LMC misconstrues the language of this provision. Section 22-43(c)(12) provides that otherwise permitted mining uses, i.e., sand, loam, and gravel removal, are prohibited in the water supply protection district except as incidental to a permitted use. This provision does not expand the scope of permissible mining activities in the city: instead, it further restricts such activities when conducted in a water supply protection district.

Finally, LMC contends that the absence of a general ordinance prohibiting the excavation or removal of stone and general quarrying activity, where the municipality is authorized to enact such a prohibition under both G. L. c. 40, § 21(17), and G. L. c. 40A, indicates that LMC is free to remove stone from its property without restriction or regulation. We disagree. Municipalities wishing to regulate earth removal have the option of proceeding under either c. 40A or c. 40, § 21(17), or both. *Goodwin* v. *Selectmen of Hopkinton*, 358 Mass. 164, 170 (1970). "These two modes of regulation need not be mutually exclusive." *Toda* v. *Board of Appeals of Manchester*, 18 Mass. App. Ct. at 320. There is certainly nothing, however, which requires a municipality wishing to regulate earth removal to enact both general and zoning ordinances in order to do so. Here, the city proceeded under c. 40A only, and its zoning ordinance prescribes certain permitted uses with respect to earth removal. "There is no requirement that zoning by-laws or ordinances follow any particular pattern or structure. They may take the form of prescribing uses permitted or prescribing uses prohibited, or a combination of the two." *Harvard* v. *Maxant*, 360 Mass. 432, 436 (1971). The excavation and removal of stone and general quarrying activity are not made lawful solely because such activities are not expressly prohibited either by § 22-17(d) of the zoning ordinance or by a general municipal ordinance regarding removal or quarrying. See *ibid.* (defendant's use of private airplane landing strip not made lawful because not prohibited by one section of zoning by-law where use as landing strip was not one of the permitted uses listed for subject land in another section of by-law).[4]

2. *Costs awarded against LMC.* In the judgment dismissing

_____

[4]We note that the director suggests that, as an incidental use, the excavation and removal of stone would be permitted. If LMC's rock removal activities were "simply incidental to the excavation or grading necessary for

LMC's appeal, the judge assessed costs against LMC. LMC claims error in this ruling. G. L. c. 40A, § 17, as inserted by St. 1975, c. 808, § 3, provides that "[c]osts shall not be allowed against a party appealing from the decision of the board or special permit granting authority unless it shall appear to the court that said appellant or appellants acted in bad faith or with malice in making the appeal to the court." Where the trial judge made no finding that LMC acted in bad faith or with malice in appealing the board's decision, the assessment of costs against LMC was erroneous. *S. Volpe & Co.* v. *Board of Appeals of Wareham*, 4 Mass. App. Ct. 357, 362 (1976).

3. *Intervention.* Because the interests of the abutters are adequately represented and protected by the defendants, we need not reach the question whether intervention should have been allowed.

4. *Conclusion.* The judgment is to be modified to delete the award of costs against LMC, and, as so modified, the judgment is affirmed. The order denying the motion to intervene is affirmed.

*So ordered.*

---

permitted construction," the director would consider these activities differently. Although LMC's "stated intention has been to remove the rock from the site and bring the property down to the level of Jungle Road in the hope of making the parcel more desirable for a purchaser to construct a building," the director concluded that LMC's stone removal was a "primary manufacturing operation" and therefore a prohibited use. LMC did not challenge the director's determination of this issue either before the motion judge or here on appeal.