NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1021

TIMOTHY BURKE, trustee,[1]

vs.

ZONING BOARD OF APPEALS OF DENNIS.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After the building commissioner for the town of Dennis declined to issue a building permit, the plaintiff, Timothy Burke, as trustee of the TVB Trust, unsuccessfully challenged that decision before the town's zoning board of appeals (board). The plaintiff appealed the board's decision to the Land Court by filing a complaint against the board pursuant to G. L. c.  40A, § 17.  A judge entered summary judgment for the board.  The plaintiff now appeals, and we affirm.

Background.  On October 24, 1973, the town amended its zoning bylaws and increased the minimum lot area in its R-40 Zoning District from 7,500 square feet to 20,000 square feet.

_____

[1] Of the TVB Trust.

Forty-three years later, on October 13, 2016, the plaintiff bought a non-conforming, unimproved lot containing 7,650 square feet within the R-40 Zoning District. On June 2, 2020, the plaintiff filed an application for a building permit. The building commissioner denied the application, and the plaintiff appealed that decision to the board. On March 3, 2021, the board issued its decision indicating that it unanimously upheld the decision of the building commissioner.

On March 19, 2021, the plaintiff filed his complaint and raised two claims: (1) the board's decision was legally unsupportable, arbitrary, and capricious, and (2) the board issued a special permit allowing him to build on the property. The judge allowed the board's motion for summary judgment, affirmed the board's decision, and further concluded that the board did not issue a special permit.

Discussion. Our review of an allowance of a motion for summary judgment is de novo. Blake v. Hometown Am. Communities, Inc., 486 Mass. 268, 272 (2020). We must view the record evidence, and all reasonable inferences that can be drawn therefrom, in the light most favorable to the nonmoving party, here the plaintiff. Id. Summary judgment is appropriate only where, viewing the record in that light, there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Mass. R. Civ. P. 56 (c), as

2

amended, 436 Mass. 1404 (2002). In the context of a zoning case decided by summary judgment, the judge "does not engage in fact finding," so "we do not give deference to the judge's decision." 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 699 (2012), citing Albahari v. Zoning Bd. of Appeals of Brewster, 76 Mass. App. Ct. 245, 248 (2010).

1. Bylaw amendment. The plaintiff bases his claim on section 1.9 of the town's zoning bylaws adopted in 1973 that expressly replaced the existing bylaws "but shall not affect such rights or duties that have matured." Based on this language, the plaintiff contends that because the property satisfied the minimum lot requirement prior to the effective date of the 1973 amendment, his right to build had "matured" before the amendment. We disagree.

The Legislature permits cities and towns to "adopt[] and from time to time change[] by amendment" zoning ordinances and bylaws. G. L. c. 40A, § 5. The 1973 amendment at issue here did exactly that by increasing the minimum lot size. We discern nothing in the summary judgment record to suggest that the amendment did not apply to the property at issue. See Leominster Materials Corp. v. Board of Appeals of Leominster, 42 Mass. App. Ct. 458, 461 (1997) ("court cannot read into the ordinance an unexpressed exception"). The plaintiff's reasoning, that his rights were forever fixed by the lot size

3

requirements of the superseded bylaw, is simply at odds with the power of the municipality to create uniform districts and to amend its bylaws.  See G. L. c. 40A, § 4, 5.  See also SCIT, Inc. v. Planning Bd. of Braintree, 19 Mass. App. Ct. 101, 107 (1984) ("basic assumption underlying the division of a municipality into zoning districts is that, in general, each land use will have a predictable character and that the uses of land can be sorted out into compatible groupings").

His contention is also at odds with the plain language of section 1.9.  Nothing in the record suggests that the plaintiff's particular "rights or duties" somehow matured through circumstances existing in 1973 when the amendment became effective.  At that point in time, no "rights or duties" beyond the title of a prior owner existed:  the plaintiff did not own the property, no building permit had been requested, no building permit had been issued, and no construction of a dwelling had commenced.  Thus, forty-three years later when the plaintiff acquired title to the property, he did not also acquire ancillary "rights or duties," that had "matured" as contemplated by section 1.9.  See 81 Spooner Rd., LLC, 78 Mass. App. Ct. 233, 245 n. 29 (2010) ("local zoning bylaw must be reasonably construed, and must not be interpreted in a manner that would produce an absurd result").  Consequently, summary judgment properly entered for the board.

4

We also discern nothing in the board's decision that is unreasonable, arbitrary, whimsical, or capricious. The plaintiff asks us to look beyond the four corners of the decision and the governing law and consider the board's "long history of making zoning decisions which advanced the interests of some but excluded nonresidents." He contends that residents have successfully obtained variances from the lot size limitations where nonresidents have failed. The case before us, however, is not an appeal from the denial of a variance; it is an appeal from the denial of a request to build as a matter of right. As the board conceded at oral argument, discretionary zoning relief may, theoretically, be available to the plaintiff through a dimensional variance, but he has not requested one. Therefore, the differential treatment claim that the plaintiff is now raising in connection with variances is not properly before us, and we decline to consider it.

We reject the plaintiff's alternative argument that the board actually issued a special permit after all. He relies on a line in the board decision, clearly boilerplate and added in error, "[t]his Special Permit shall lapse if substantial use or construction has not commenced without good cause within one year from the date issued." The line is entirely inconsistent with the remainder of the text in the decision as well as the unanimous vote of the board. Such an evident clerical error

5

does not amount to a conscious decision to reverse direction and issue a special permit (that was not even requested).  See Burwick v. Zoning Bd. of Appeals of Worcester, 1 Mass. App. Ct. 739, 742 (1974).

2.  Discovery.  The scope of permissible discovery is governed by Mass. R. Civ. P. 26 (b), 365 Mass. 772 (1974).  In general, "[p}arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action."  Mass. R. Civ. P. 26 (b) (1).  However, "[t]he conduct and scope of discovery is within the sound discretion of the judge."  Cardone v. Boston Reg'l Med. Ctr., Inc., 60 Mass. App. Ct. 179, 191 (2003), quoting Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987).  The plaintiff "must show that the denial of his motion to compel discovery constituted such an abuse of discretion."  Cardone, 60 Mass. App. Ct. at 191.

We discern no abuse of discretion here where the judge placed reasonable limitations on wide-ranging discovery requests.  The plaintiff sought all records of approved residential construction on lots of 7,500 square feet or less from October 1, 1973, until December 10, 2021.  After a hearing, the judge ordered the board to produce any of its decisions relating to section 1.9 from the effective date of the bylaw amendment in 1973 to 1980.  The judge denied the motion to the

6

extent it sought additional records, concluding that the board "[has] already produced a substantial number of documents and the request for documents beyond this timeframe or scope is overbroad, unduly burdensome (requiring substantial manual labor by the Town staff) and speculative."  The judge further concluded that the "[p]laintiff has failed to provide a reasonable explanation or any evidentiary support as to why documents beyond this timeframe are reasonably calculated to lead to the discovery of admissible evidence in light of the limited issue before the court in this case."  Especially in the absence of demonstrated relevance, the judge acted well within her discretion by limiting discovery.

3.  <u>Motion to amend complaint</u>.  The judge denied a motion to amend the complaint that "proposed additional facts, [which did] not appear to be relevant, and may be misleading, as they related to the standard for a variance while the plaintiff seeks to build as of right."  We review the denial of a motion to amend a complaint for abuse of discretion.  See <u>Murphy</u> v. <u>I.S.K.Con. of New England</u>, 409 Mass. 842, 864 (1991).  While leave to amend should be "freely given when justice so requires," Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974), such leave may be denied where there is undue delay, undue prejudice to the opposing party, or futility in the amendment.  <u>Mathis</u> v. <u>Massachusetts Elec. Co</u>., 409 Mass. 256, 264 (1991).  We discern

7

no abuse of discretion where the plaintiff sought to add allegations related to dimensional variances granted by the board in other cases and the granting of a building permit that did not involve the board.

4.  Motion to strike.  Finally, the plaintiff contends that the judge erred in allowing the board's motion to strike an exhibit containing a chart prepared by the plaintiff and summarizing board decisions on variance applications issued following the 1973 bylaw amendment, as well as an exhibit containing a 1993 building permit that purportedly issued in connection with the property.  Here, again, the judge acted within her discretion in striking matters that were not relevant to the case before her.  See Mass. R. Civ. P. 12 (f), 365 Mass 754 (court may strike any "redundant, immaterial, impertinent, or scandalous matter").  The chart summarizing decisions on variance applications was irrelevant to the determination of whether the property met the minimum lot size requirement.  See Warren v. Board of Appeals of Amherst, 383 Mass. 1, 9 (1981), citing Charter v. Board of Appeals of Milton, 348 Mass. 237, 241-243 (1964) ("The factual and legal basis on which to judge the propriety of the board's grant or denial of a variance . . . is not the same as it would be if the original application had been for a permit as of right").  Similarly, the 1993 building

8

permit did not issue through board action and did not bear any connection to the issues in the case.

The board's request for attorney's fees and costs is denied.

Judgment affirmed.

By the Court (Singh,
   D'Angelo & Hodgens, JJ.[2]),

<em>Paul Little</em>

Clerk

Entered:  August 19, 2025.

---

[2] The panelists are listed in order of seniority.